# Case No. 13-4628

IN THE

# United States Court of Appeals

FOR THE FOURTH CIRCUIT

---

**UNITED STATES OF AMERICA,**

*Plaintiff-Appellee,*

—v.—

**GABRIEL DANIEL MORRISON MITCHELL, A/K/A G,**

*Defendant-Appellant.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

## BRIEF OF APPELLANT

John S. Davis, V
WILLIAMS MULLEN
200 South 10th St.
Suite 1600
Richmond, VA 23219
(804) 420-6296

*Counsel for Appellant*

C. Elizabeth Hall
WILLIAMS MULLEN
301 Fayetteville St.
Suite 1700
Raleigh, NC 27601
(919) 981-4042

*Counsel for Appellant*

# TABLE OF CONTENTS


Table of Contents ........ i

Table of Authorities ........ ii

Nature of the Brief ........ 1

Jurisdictional Statement ........ 1

Statement of the Issue ........ 2

Statement of the Case ........ 2

Summary of Argument ........ 7

Argument ........ 7

The District Court Committed Plain Error by Failing to Adequately Determine that Mr. Mitchell's Waiver of His Right to Testify Was Knowing and Voluntary. ........ 7

A. Standard of Review ........ 8

B. The District Court Erred by Failing to Adequately Determine Whether Mr. Mitchell's Waiver of His Constitutional Right to Testify was Knowing and Voluntary. ........ 8

C. The District Court's Error was Plain and Affected Mr. Mitchell's Substantial Rights. ........ 10

Conclusion ........ 12

Statement Regarding Oral Argument ........ 12

# TABLE OF AUTHORITIES

**Cases**

*Anders v. California*,
386 U.S. 738 (1967)....................1, 12

*Ortega v. O'Leary*,
843 F.2d 258 (7th Cir. 1988)....................9, 10

*Rock v. Arkansas*,
483 U.S. 44 (1987)....................9

*Sexton v. French*,
163 F.3d 874 (4th Cir. 1998)....................9, 11

*United States v. Hung Thien Ly*,
646 F.3d 1307 (11th Cir. 2011)....................10

*United States v. Marcus*,
560 U.S. 258 (2010)....................8

*United States v. McMeans*,
927 F.2d 162 (4th Cir. 1991)....................9

*United States v. Neal*,
101 F.3d 993 (4th Cir. 1996)....................8, 11

*United States v. Olano*,
507 U.S. 725 (1993)....................8, 11

*United States v. Pennycooke*,
65 F.3d 9 (3d Cir. 1995)....................9

*United States v. Rashaad*,
249 F. App'x 972 (4th Cir. 2007)....................9

*United States v. Sharp*,
400 F. App'x 741 (4th Cir. 2010)....................9

*United States v. Stewart*,
129 F. App'x 758 (4th Cir. 2005) ....................................................8

*United States v. Strickland*,
245 F.3d 368 (4th Cir. 2001) ........................................................8

**Statutes**

18 U.S.C. § 924(c)(1)(A) ..............................................................3

18 U.S.C. § 1951 ..........................................................................3

18 U.S.C. § 1951(a) ......................................................................3

18 U.S.C. § 2119 ..........................................................................3

18 U.S.C. § 3231 ..........................................................................1

28 U.S.C. § 1291 ..........................................................................2

**Rules**

Fed. R. Crim. P. 52(b) ...................................................................8

## NATURE OF THE BRIEF

This brief is submitted to the Court pursuant to the holding of *Anders v. California*, 386 U.S. 738 (1967). Counsel for Appellant have carefully reviewed the record and have found nothing in the record that could support a non-frivolous appeal. Counsel have set forth the only argument they believe presents any arguable basis for relief and the factual basis for that argument. Therefore, pursuant to *Anders*, counsel request the Court's permission to withdraw as attorneys of record. Should the Court, after its own review of the record, determine that briefing on any additional issue or issues is necessary, counsel remain ready to provide that briefing.

Counsel have advised Appellant in writing of the nature of this brief and have informed him that the Court will give him an opportunity to file his own brief, as indicated by the *Anders* statement submitted with this brief. Counsel have also served a copy of this brief upon Appellant, as indicated by the certificate of service.

## JURISDICTIONAL STATEMENT

The United States District Court for the Eastern District of Virginia had subject-matter jurisdiction in this federal criminal case. 18 U.S.C. § 3231. Gabriel Daniel Morrison Mitchell was found guilty after a four-day jury trial. The district court sentenced Mr. Mitchell on August 23, 2013 and entered final judgment on

August 27, 2013. On August 29, 2013, Mr. Mitchell filed a timely notice of appeal. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

**STATEMENT OF THE ISSUE**

Whether the district court plainly erred in failing to engage in a colloquy sufficient to determine whether Mr. Mitchell's waiver of his constitutional right to testify in his own defense was knowing and voluntary.

**STATEMENT OF THE CASE**

On January 10, 2012, Travis Williams and Anthony Wilson left a Chesapeake, Virginia warehouse with a truckload of Sears appliances slated for delivery. Tr. 154:1-3, 159:9-11, 169:6-10 [# 106].[1] At the first stop, Mr. Williams went inside to install the appliance, and Mr. Wilson remained in the truck preparing for the next delivery. *See* Tr. 42:6-8 [# 105]. While Mr. Williams was inside, Mr. Mitchell and Antonio McGhee, Mr. Mitchell's co-defendant, entered the truck. Tr. 47:21-23 [# 105]. According to Mr. Wilson and Mr. Williams, the defendants then restrained Mr. Wilson in the truck, Tr. 51:25-52:13 [# 105], and did the same to Mr. Williams when he returned, Tr. 587:23-24 [# 104].

After restraining Mr. Williams and Mr. Wilson, the defendants drove the truck away from the first delivery location, making several stops. At two of those

[1] The trial transcript was not filed on Mr. Mitchell's docket, so citations to the transcript will be followed by the docket number from Mr. McGhee's docket, found at *United States v. McGhee*, 4:12-cr-00010-MSD-LRL-1 (E.D. Va.).

stops, Mr. Mitchell and Mr. McGhee unloaded various items. *See* Tr. 588:21-24, 589:3-5 [# 104]. At the last stop, Mr. Mitchell and Mr. McGhee abandoned the Sears truck and drove off in a U-Haul truck. *See* Tr. 164:3-10, 172:7-24 [# 105]. After the defendants left, Mr. Wilson and Mr. Williams removed their restraints and drove to a convenience store where they called their employer and the police. Tr. 590:6-13, 591:4-24 [# 104].

Thereafter, on June 7, 2012, the Government obtained a four-count Second Superseding Indictment against Mr. Mitchell and Mr. McGhee.[2] [# 64]. Count One charged Mr. Mitchell and Mr. McGhee with conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951. Count Two charged the defendants with interference with commerce by robbery in violation of 18 U.S.C. §§ 1951(a) and 2. Count Three charged the defendants with carjacking in violation of 18 U.S.C. §§ 2119 and 2. Count Four charged the defendants with brandishing a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2.

At trial, Mr. Mitchell and Mr. McGhee argued that Mr. Wilson and Mr. Williams were both accomplices to the alleged crimes and that, consequently, there was no robbery or carjacking by threat of violence, but only larceny. *See* Tr.

---

[2] Mr. Williams was charged as a co-defendant in the earlier indictments, [## 1, 23], but pled guilty to two charges prior to the issuance of the Second Superseding Indictment.

151:10-17 [# 106], 819:19-21, 831:23-24 [# 104]. The evidence was disputed on this point, with only Mr. McGhee testifying that Mr. Wilson was involved. *See* Tr. 802:13-15, 804:19-25, 805:12-18, 808:2-3, 810:15-16, 24-25 [# 104].

Mr. Wilson testified that he was not involved in the alleged conspiracy, robbery, and carjacking. *See* Tr. 78:17-18 [# 105]. Likewise, Mr. Mitchell's co-defendant, Mr. Williams,[3] testified at trial that he, Mr. Mitchell, and Mr. McGhee conspired to and did rob the Sears truck. *See* Tr. 557:9-10, 15, 568:24-570:4 [# 104]. He further testified that Mr. Wilson was not involved in the planning or execution of the alleged crimes. *See* Tr. 577:15-17 [# 104]. Mr. McGhee, on the other hand, testified that Mr. Wilson was involved in the alleged conspiracy and theft. *See* Tr. 802:13-15, 804:19-25, 805:12-18, 808:2-3, 810:15-16, 24-25 [# 104]. According to Mr. McGhee, then, the crime committed was only larceny, not robbery or carjacking by threat of violence. *See* Tr. 819:19-21, 831:23-24 [# 104].

After Mr. McGhee's testimony, Mr. Mitchell's counsel requested the opportunity to voir dire Mr. Mitchell to determine whether he would testify. Tr. 836:12-14 [# 104]. During his voir dire, it was not clear that Mr. Mitchell understood his right to testify. Namely, when informed that testifying would open

[3] In his testimony, Mr. Williams admitted that he repeatedly lied to law enforcement officers during their investigation of the alleged robbery and carjacking. *See* Tr. 561:14-20, 587:11-20, 592:4-8, 596:2-16 [# 104].

him to cross-examination on his criminal record, Mr. Mitchell said, "[W]ould it be used against me in a court of law?" Tr. 837:17-18 [# 104]. Counsel explained to Mr. Mitchell that he was in a court of law. *See* Tr. 837:19 [# 104]. After this exchange, counsel asked Mr. Mitchell whether he wanted to testify, and Mr. Mitchell stated, "I think I would want to testify." Tr. 838:2 [# 104]. The Court then ordered the jury to be brought into the courtroom. Tr. 838:6-7 [# 104].

Before the jury was brought in, however, Mr. Mitchell indicated some hesitation,[4] and the trial judge held a brief colloquy with Mr. Mitchell. The following transpired:

> THE COURT: Okay. You can stay there, sir. Let's bring the jury in. Hold on. Don't bring the jury in.
>
> MR. ELLENSON: I can't make the decision for you. You really have to – it's up –
>
> THE WITNESS: He already said everything that had to be said, so, I mean . . .
>
> THE COURT: Well, Mr. Mitchell, look at me for a second. You've been told what your rights are. Again, you don't have to testify. And the jury's going to, if you don't, be told they can't hold it against you if you don't testify. And you know, Mr. Ellenson has just told that you you're subject to cross-examination about previous criminal records or anything like that. All of those things. So do you understand that?

[4] It is not clear from the transcript what Mr. Mitchell did to cause the Court to engage in the colloquy. *See* Tr. 838:6-14 [# 104].

> THE WITNESS: Yes, sir. Yes, I understand that, sir.
>
> THE COURT: You've got to make a decision now about whether you want to testify or not. Do you?
>
> THE WITNESS: I think McGhee said everything that needed to be said as far as what happened.
>
> THE COURT: So what does that mean? Does that mean you want to testify or you don't want to?
>
> THE WITNESS: I don't want to.
>
> THE COURT: Pardon?
>
> THE WITNESS: I don't want to.
>
> THE COURT: You do not want to testify?
>
> THE WITNESS: No, sir.
>
> THE COURT: That's your decision?
>
> THE WITNESS: Yes.
>
> THE COURT: Okay. Thank you. You can have a seat back there at counsel table.

Tr. 838:15-8:39:11 [# 104].

On June 22, 2012, after a four-day trial, the jury convicted Mr. Mitchell and Mr. McGhee on all four counts. [# 85]. Mr. Mitchell was sentenced to, and is currently serving, a 260-month term of imprisonment. [# 156].

## SUMMARY OF ARGUMENT

The district court plainly erred in failing to conduct a colloquy sufficient to determine whether Mr. Mitchell knowingly and voluntarily waived his right to testify after previously expressing a desire to testify, particularly in light of Mr. Mitchell's apparent confusion about the nature of the trial proceedings.

## ARGUMENT

### The District Court Committed Plain Error by Failing to Adequately Determine that Mr. Mitchell's Waiver of His Right to Testify Was Knowing and Voluntary.

Mr. Mitchell's convictions must be vacated because he did not knowingly and voluntarily waive his constitutional right to testify in his own defense. After a colloquy with his attorney, during which he expressed confusion over the nature of the trial proceedings, Mr. Mitchell told the district court he wanted to testify. Immediately thereafter, Mr. Mitchell appeared to express doubt about his decision. Despite Mr. Mitchell's apparent confusion and his sudden change of position, the district court conducted only a brief colloquy with Mr. Mitchell about his right to testify. Thereafter, Mr. Mitchell did not testify on his own behalf. The district court's failure to ensure that Mr. Mitchell knowingly and voluntarily waived this fundamental constitutional right was plainly erroneous and affected Mr. Mitchell's substantial rights.

**A. Standard of Review**

A defendant's argument that he was denied the right to testify on his own behalf is reviewed for plain error when the defendant did not object at trial. *See* Fed. R. Crim. P. 52(b); *United States v. Stewart*, 129 F. App'x 758, 769 (4th Cir. 2005). Success on a plain error challenge requires "(1) the demonstration of an 'error' (2) that was 'plain' and (3) that affected the 'substantial rights' of the defendant." *United States v. Strickland*, 245 F.3d 368, 376 (4th Cir. 2001). An error is plain when "the 'settled law of . . . this circuit' establishes that an error has occurred." *United States v. Neal*, 101 F.3d 993, 998 (4th Cir. 1996) (citation omitted). After demonstrating plain error, the defendant must show that the error affected his substantial rights by prejudicing the trial such that there is a "reasonable probability that the error affected the outcome." *United States v. Marcus*, 560 U.S. 258, 262 (2010). Finally, the error must "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotation marks omitted).

**B. The District Court Erred by Failing to Adequately Determine Whether Mr. Mitchell's Waiver of His Constitutional Right to Testify was Knowing and Voluntary.**

Mr. Mitchell initially told the Court he wished to testify but abruptly changed his mind. The district court failed to conduct an adequate colloquy to determine whether this sudden reconsideration was voluntary and knowing. "A

criminal defendant has a fundamental constitutional right to testify on his or her own behalf at trial." *United States v. Rashaad*, 249 F. App'x 972, 972 (4th Cir. 2007) (per curiam). The right is "essential to due process of law in a fair adversary process." *Rock v. Arkansas*, 483 U.S. 44, 51 (1987) (citation omitted). Any waiver of that right must be made knowingly and voluntarily. *See Rashaad*, 249 F. App'x at 973; *see also Sexton v. French*, 163 F.3d 874, 881 (4th Cir. 1998). In general, a defendant need only "know . . . that a right to testify exists" in order to waive the right, *United States v. McMeans*, 927 F.2d 162, 163 (4th Cir. 1991), and the trial court does not have "a *sua sponte* duty to conduct a colloquy with the defendant . . . to determine whether" the waiver was voluntary, *Sexton*, 163 F.3d at 881.

But in some "exceptional, narrowly defined circumstances," "judicial interjection through a direct colloquy with the defendant may be required" to ensure that the wavier of the right to testify is knowing and voluntary. *See Sexton*, 163 F.3d at 882 n.8 (quoting *United States v. Pennycooke*, 65 F.3d 9, 12 (3d Cir. 1995)); *see also United States v. Sharp*, 400 F. App'x 741, 748 (4th Cir. 2010). One such "exceptional" circumstance arises when "the defendant has expressed his desire to testify to the court." *Sexton*, 163 F.3d at 882 n.8 (citing *Ortega v. O'Leary*, 843 F.2d 258, 261 (7th Cir. 1988)). In this exceptional circumstance, "a trial court should carefully ascertain through a methodical inquiry whether th[e]

right [to testify] has been voluntarily and intelligently forfeited." *Ortega*, 843 F.2d at 263. Failure to do so requires vacation of the defendant's conviction. *See United States v. Hung Thien Ly*, 646 F.3d 1307, 1317-19 (11th Cir. 2011).

Here, Mr. Mitchell expressed his desire to testify to the trial court, stating, "I think I would want to testify." Tr. 838:2 [# 104]. Nonetheless, when Mr. Mitchell abruptly changed his mind, the district court conducted only a brief colloquy. *See* Tr. 838:15-20 [# 104]. The trial judge did not ask why Mr. Mitchell reconsidered his earlier decision to testify. *See id.* Moreover, the trial judge did not methodically discuss with Mr. Mitchell the factors to be considered before waiving the right to testify. Instead, the trial judge asked Mr. Mitchell only three questions in quick succession, with no time for Mr. Mitchell to respond to each question individually and for the court to evaluate his responses. *See id.* In light of Mr. Mitchell's previously expressed desire to testify, the trial court failed to "carefully ascertain" whether Mr. Mitchell's waiver of his right to do so was knowing and voluntary. *See Ortega*, 843 F.2d at 263. This is particularly true in light of Mr. Mitchell's apparent confusion as to the nature of the proceedings. *See* Tr. 837:17-18 [# 104].

### C. The District Court's Error was Plain and Affected Mr. Mitchell's Substantial Rights.

As demonstrated above, the district court's failure to determine whether Mr. Mitchell's waiver of his right to testify was knowing and voluntary after Mr.

Mitchell expressed his desire to testify to the court violated the settled law of this circuit. *See Sexton*, 163 F.3d at 882 n.8. The error was therefore plain. *See Neal*, 101 F.3d at 998.

Additionally, the error affected Mr. Mitchell's substantial rights because there is a reasonable probability that the error affected the outcome of the trial. Because he did not testify, Mr. Mitchell was unable to present his version of the disputed events leading to the charges against him. Without his testimony as to Mr. Wilson's role in the events at issue, only Mr. McGhee's testimony contradicted that of Mr. Wilson and Mr. Williams. There is a reasonable probability his additional testimony in support of the defendants' defense theory may have affected the outcome of the trial.

An appellate court has discretion to notice a plain error affecting the defendant's substantial rights when that error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Olano*, 507 U.S. at 732. In this case, the district court's failure to ensure that Mr. Mitchell's fundamental constitutional right to testify in his own defense was knowingly and voluntarily waived calls into question the fairness of the trial. Thus, this Court should exercise its discretion to notice the error and reverse Mr. Mitchell's convictions.

## CONCLUSION

Undersigned counsel present this *Anders* brief to the Court after having thoroughly reviewed the record and determined that there is no non-frivolous basis for an appeal. As directed by *Anders*, undersigned counsel respectfully request that the Court review *de novo* the entire record and all pertinent documents to determine whether there is any other issue that presents a non-frivolous basis for appeal. Should the Court identify any such issue or issues, undersigned counsel remain ready to brief and argue the identified issue or issues.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for Appellant does not request oral argument. After careful review of the record and applicable law, counsel believe this case presents only frivolous issues for appeal. Should the Court, after its own review of the record, find that oral arguments would be helpful to it, counsel remain ready to present such arguments.

Respectfully submitted,

/s/ John S. Davis
John S. Davis, V
WILLIAMS MULLEN
200 South 10th Street
Suite 1600
Richmond, VA 23219
(804) 420-6296

C. Elizabeth Hall
WILLIAMS MULLEN
301 Fayetteville Street
Suite 1700
Raleigh, NC 27601
(919) 981-4042

*Counsel for Appellant*

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   this brief contains 2,629 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman.

/s/ John S. Davis, V

*Counsel for Appellant*

Dated: December 23, 2013

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on December 23, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Howard J. Zlotnick
Assistant United States Attorney
OFFICE OF THE U.S. ATTORNEY
721 Lakefront Commons
Suite 300
Newport News, VA 23606
(757) 591-4000
howard.zlotnick@usdoj.gov

I further certify that on December 23, 2013, I served the foregoing with the following non-CM/ECF user via U.S. Mail, certified first-class postage prepaid:

Gabriel Daniel Morrison Mitchell
Reg. No. 79793-083
F.C.I. Fairton
Federal Correction Institution
P.O. Box 420
Fairton, NJ 08320

/s/ John S. Davis, V
*Counsel for Appellant*